FREDERICK H. CORNELL *et al.*

*v.*

LEROY PAYNE.

*Filed at Ottawa November 14, 1885.*

1. GARNISHMENT—*before a justice of the peace—necessity of garnishee appearing in person.* The law requires a garnishee, in a proceeding before a justice of the peace, to appear in person and submit to an oral examination under oath, and no one can perform this duty for him. This rule does not apply, however, to a corporation, as it can answer only by an agent.

2. MEASURE OF DAMAGES—*in malicious prosecution based on garnishee proceedings—expenses of agent who answers for garnishee.* If a person, when served with garnishee process from a justice of the peace, fails to attend in person before the justice at the time and place required, but sends an agent to answer for him, the expenses incurred in sending the agent can not be treated as an element in the assessment of damages, in any legal proceeding.

3. So in an action for a malicious prosecution, based on certain garnishee proceedings against the plaintiff, alleged to have been malicious, the court was asked to instruct the jury, "that in garnishee proceedings before a justice

of the peace, the law requires the party to appear and answer under oath, and this requirement of the statute can not be waived, except by consent of the parties; and if the jury find in the evidence that in these several garnishee proceedings the plaintiff, P., did not answer under oath, then P. can not recover for the expenses incurred in answering by his agent, B.," which the court refused: *Held,* that it was error to refuse the same.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. ELLIOTT ANTHONY, Judge, presiding.

Mr. B. M. MUNN, for the appellants:

An action for malicious prosecution should never be brought except for malicious arrests or false imprisonment. *Garton* v. *Brown,* 27 Ill. 489; *Payne* v. *Donegan,* 9 Bradw. 566.

The garnishee is required to appear before the justice, and answer personally, under oath, except in the case of corporations. A corporation, when garnisheed, must answer by its proper officer, and that must be under oath. *Oliver* v. *Railroad Co.* 17 Ill. 587.

The word "may," in section 6, is construed to mean "must" or "shall," in such case. *Kane* v. *Footh,* 70 Ill. 587.

A garnishee must show good faith in his answer. (*Boone* v. *Stooden,* 24 Ill. 320.) He must not be vague or evasive. *Crain* v. *Gould,* 46 Ill. 293.

There must be a concurrence of malice and want of probable cause to maintain this action. *Spaids* v. *Barrett,* 70 Ill. 410; 1 Greenleaf on Evidence, sec. 450.

Mr. GEO. F. WESTOVER, for the appellee:

The appellee maintains that this action lies for prosecuting a series of groundless civil suits maliciously and without probable cause, to injure and harass the defendant. It lies for an abuse of the process of courts, in prosecuting groundless civil suits, with the malicious intent to injure the defendant, or to extort money. Such injury may be to defendant's person or his property.

It is not necessary to support such action, that the person of the plaintiff should have been arrested, or his property attached in the malicious suit. If he be wrongfully put to expense and trouble in defending against a malicious prosecution, the action for damages will lie. *Pangburn* v. *Ball*, 1 Wend. 345; *Woods* v. *Finnell*, 13 B. Mon. 628; *Glosson* v. *Staples*, 42 Vt. 209; *Whipple* v. *Fuller*, 11 Conn. 582; *Mann* v. *Holbrook*, 20 Vt. 523; *Weaver* v. *Page*, 6 Cal. 681; *Spaids* v. *Barrett*, 57 Ill. 289; *Page* v. *Cushing*, 38 Me. 523; *Bond* v. *Chapin*, 8 Metc. 31; *Moulton* v. *Lowe*, 32 Me. 466; *Cox* v. *Taylor*, 10 B. Mon. 17; *Wills* v. *Noyes*, 12 Pick. 324; *Savage* v. *Brewer*, 16 id. 456; *Robinson* v. *Killum*, 6 Cal. 399.

Mr. CHIEF JUSTICE MULKEY delivered the opinion of the Court:

This was an action of trespass on the case, brought by Leroy Payne, in the Superior Court of Cook county, against the appellants and others, for a malicious prosecution, resulting in a judgment for the plaintiff for $300, which was affirmed by the Appellate Court for the First District, and the case is brought here by appeal on a certificate from that court.

It appears from the record that Daniel Donegan, having a claim against William Ennis, both of whom were residents of Chicago, placed the same in the hands of appellants, claim agents, for collection; that the latter, after having made some efforts to collect the claim from Ennis, sued him before Asa Farmer, a justice of the peace at Blue Island, some fifteen miles from Chicago, who, on hearing the cause, rendered a judgment against Ennis, in favor of Donegan, for $16.77 and costs. An execution having been issued on this judgment and returned no property foun l, on the 13th of November, 1880, the justice, at the instance of appellants, issued a summons against appellee, as garnishee of Ennis, returnable on the 19th of the month. Payne did not appear in person before the justice, but sent a man in his employ, by the name of Baker, to

answer for him. The justice, on the return day, proceeded to hear the cause on its merits, instead of entering a conditional judgment and issuing a *scire facias*, as he should have done. The trial resulted in a judgment against appellee for $19.60 and costs, from which judgment he appealed to the circuit court. Without awaiting the result of this appeal, the appellants commenced three other garnishee proceedings against Payne, on account of the same judgment against Ennis, but Payne neglected and refused to personally appear and answer in any of them, and they were all dismissed at Donegan's costs. Baker, however, appeared in each of these suits, as the agent of Payne, who bore the expenses of Baker's attendance. On the trial the jury were, in effect, told by the court to find the two defendants, other than the appellants, not guilty, which they did. The appellee also stipulated that he claimed no damages on account of the first garnishee proceeding.

The court, upon the trial, was asked by the defendants to give the jury the following instruction:

"That in garnishee proceedings before a justice of the peace, the law requires the party to appear and answer under oath, and this requirement of the statute can not be waived except by consent of parties; and if the jury find, in the evidence, that in these several garnishee proceedings the plaintiff, Payne, did not answer under oath, then Payne can not recover for the expenses incurred in answering by his agent, Baker."

—Which it declined to do, and this is assigned for error. The propriety of the ruling of the court in this respect depends upon the construction to be given to the first, fourth, sixth and eighth sections of chapter 62, Starr & Curtiss' edition of the Revised Statutes, entitled "Garnishment." The first section gives the remedy by garnishment, and prescribes the manner of commencing the proceeding,—whether before the circuit court or a justice of the peace. The fourth section

specifies the manner of serving process when the proceeding is before a justice of the peace, directs the tender of certain fees by the creditor at whose suit the proceeding is commenced, and provides that if the person or persons so summoned shall refuse or fail to appear at the time and place specified in the process, the justice shall render judgment against the garnishee for the amount of fees and traveling expenses advanced to him by the creditor, in addition to the amount found to be due from him to the judgment debtor. The sixth section provides for an oral examination of the garnishee "touching the personal estate, goods, chattels, moneys, choses in action, credits and effects of the defendant in the original judgment, and the amount and value thereof, in his possession, custody or charge, or from him due and owing to such defendant." The eighth section provides that if the garnishee shall not appear at the time and place specified in the summons, the justice shall enter a conditional judgment against such garnishee for the amount of the plaintiff's demand or judgment against the original defendant, and that thereupon a *scire facias* shall issue against such garnishee, returnable as in other cases, commanding him to appear at the time and place specified in the *scire facias*, and show cause why the judgment should not be made final. It is further provided that if the garnishee, when served with process, or notified as required by law, "*shall fail to appear and make discovery* in manner aforesaid," the justice shall confirm the judgment, etc.

From these provisions of the statute it is clear that it was the intention of the legislature to compel the garnishee to appear before the justice, and, in the language of the act, *make discovery* of the true state of the account between himself and the defendant in the judgment, or otherwise the remedy by garnishment in most cases would be wholly unavailing. In order to compel such discovery, the legislature so framed the law, where the garnishee, after being duly noti-

fied, neglects or refuses to appear and make such discovery, as to give the creditor all the relief he could have obtained had the garnishee appeared before the justice and submitted to an oral examination under oath. If, as contended, the law permits the garnishee to send an agent before the justice to answer for him, all he would have to do, if the garnishee wished to defeat the creditor's claim, would be to send some one before the justice that knew nothing about his indebtedness to the judgment debtor, or the matters in controversy. This, of course, would defeat the chief object of the law, and make the proceeding in many cases a mere farce. We can not give our assent to such a construction of the statute. The law requires the garnishee, when properly summoned, to appear in person before the justice, and submit to an oral examination under oath, and no one can perform this duty for him. He has the simple alternative of appearing in person or of having a judgment entered against him by default for the amount of the creditor's judgment against the original defendant. From the necessity of the case, this can not apply to a corporation, as it can not answer at all except by an agent. The sending of an agent, then, to answer for the garnishee, is a mere idle ceremony, that finds no sanction in the law, and it consequently follows that expenses incurred in sending him on such an errand can not be treated as an element in the assessment of damages in any legal proceeding. The refused instruction we regard as merely announcing this principle, and should therefore have been given.

For the errors indicated, the judgments of the courts below are reversed, and the cause is remanded to the Superior Court of Cook county for further proceedings in conformity with this opinion.

*Judgments reversed.*